UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JENNIFER P.,

            Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

Case No. C21-0036-SKV

ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of her application for Supplemental Security Income. Having considered the ALJ's decision, the administrative record ("AR"), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff was born in 1993, has a high school diploma, and has worked as a babysitter. AR 204.  Plaintiff was last gainfully employed in 2017.  AR 204.

In March 2018, Plaintiff applied for benefits, with an amended alleged onset date of March 19, 2018.  AR 56, 190-92.  Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing.  AR 126-29, 133-35, 139-42.  After the ALJ

conducted a hearing in May 2020 (AR 49-92), the ALJ issued a decision finding Plaintiff not disabled. AR 15-27.

### THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity since the application date.

**Step two**: Plaintiff has the following severe impairments: bilateral ankle laxity, obesity, depressive disorder, and anxiety disorder.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity**: Plaintiff can perform sedentary work with additional limitations: she can perform unskilled, repetitive, routine tasks in two-hour increments. She cannot have contact with the public, and can have occasional contact with supervisors. She is capable of working in proximity to, but not in coordination with, co-workers. She can occasionally stoop and crouch. She cannot crawl, kneel, or climb ramps, stairs, ropes, ladders, or scaffolds. She cannot ambulate across uneven surfaces. She cannot work at heights. She cannot work in proximity to hazardous conditions.

**Step four**: Plaintiff has no past relevant work.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 15-27.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 4.

//

//

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, App. 1.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 2

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred in assessing medical opinions and discounting her subjective testimony.[3] The Commissioner argues the ALJ's decision is free of harmful legal

---

[3] Plaintiff's opening brief also contains a section challenging the ALJ's assessment of her mother's statements, but did not list this assignment of error on the first page, as required in the Court's scheduling order. *See* Dkt. 10 at 2; Dkt. 11 at 1, 17-18. This argument will not be considered or ruled upon, as provided in the Court's scheduling order. Dkt. 10 at 2.

error, supported by substantial evidence, and should be affirmed.

### A. The ALJ Did Not Err in Assessing Medical Opinion Evidence

Plaintiff challenges the ALJ's assessment of opinions written by treating psychologist Robert Shope, Psy.D., and examining psychologist Jeremy Senske, Psy.D. The Court will address each disputed opinion in turn.

#### 1. Legal Standards

In assessing Plaintiff's 2018 application for benefits, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported by and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c) 416.920c(a)-(c).

The Commissioner argues that the regulations promulgated in 2017 changed the legal standards previously articulated by the U.S. Court of Appeals for the Ninth Circuit. *See* Dkt. 15 at 7-10. Under current Ninth Circuit precedent, an ALJ must provide "clear and convincing" reasons to reject an uncontradicted opinion from a treating or examining doctor, and "specific and legitimate" reasons to reject a contradicted opinion from such doctor. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). The Ninth Circuit has not yet addressed the 2017 regulations in relation to its standards for the review of medical opinions. It is not, in any event, clear that the Court's consideration of the adequacy of an ALJ's reasoning under the new regulations would differ in any significant respect. The new regulations still require ALJs to explain their reasoning with specific reference to how they considered the supportability and consistency factors, 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b), and that reasoning must remain legitimate. *See Thomas S. v. Comm'r of Social Sec.*, No. C20-5083 RAJ, 2020 WL 5494904, at *2 (W.D. Wash. Sept. 11, 2020). The Court must, moreover, continue to consider whether the ALJ's analysis has the support of substantial evidence. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th

Cir. 2020). With these regulations and considerations in mind, the Court proceeds to its analysis of the medical evidence in this case.

### 2. Dr. Shope

Dr. Shope, Plaintiff's treating mental health counselor, completed a form opinion in January 2020 describing many disabling limitations. AR 317-22. The ALJ summarized Dr. Shope's opinion and found it inconsistent with his treatment notes, which mention primarily situational stressors rather than "significant abnormalities in mental presentation" or absenteeism. AR 24. The ALJ also found Dr. Shope's opinion as to Plaintiff's agoraphobia and inability to leave the house to be inconsistent with Plaintiff's demonstrated ability to go hiking, shop in stores, and attend consultative examinations. *Id*. Lastly, the ALJ found Dr. Shope's conclusions to be inconsistent with Plaintiff's presentation during consultative examinations with providers she had never met before. AR 24-25.

The ALJ's rationale is reasonable and supported by substantial evidence. As the ALJ found, Dr. Shope's treatment notes primarily address situational stressors. *See* AR 272-73 (Plaintiff preparing for an upcoming family meeting), 324 (Plaintiff preparing for her cat's death), 328 (Plaintiff is grieving cat), 329 (Plaintiff discussing family dynamics), 330 (Plaintiff is grieving cat), 331 (Plaintiff has new cat, but still grieving), 332 (addressing Plaintiff's grief as well as relationship with stepfather), 333 (Plaintiff is grieving cat, has conflict with significant other), 334 (Plaintiff is grieving cat and lonely after moving farther away from her mother), 335 (Plaintiff is grieving cat). Plaintiff contends that if the ALJ believed her symptoms were only related to situational stressors, then the ALJ should not have found her depression and anxiety to be severe impairments at step two. Dkt. 11 at 5-6. The ALJ did not state that Plaintiff's symptoms were only related to situational stressors, however: the ALJ found that Dr. Shope's

treatment notes did not document "significant abnormalities in mental presentation[.]" AR 24. Plaintiff points to Dr. Shope's description of her as anxious, irritable, and/or depressed (Dkt. 11 at 6), but those descriptors alone are not necessarily disabling or even significant. For example, Dr. Shope repeatedly rated Plaintiff's Global Assessment of Functioning ("GAF") as 60-69, which is not consistent with disabling mental limitations. *See* AR 272-73, 277, 324-35; Diagnostic and Statistical Manual of Mental Disorders at 34 (4th ed. 2000) (explaining that a GAF score of between 61 and 70 describes "[s]ome mild symptoms" or "some difficulty in social, occupational, or school functioning . . . , but generally functioning pretty well, has some meaningful interpersonal relationships", while a score between 51 and 60 describes "moderate symptoms" or "moderate difficulty in social, occupational, or school functioning"). Plaintiff has not shown that the ALJ mischaracterized Dr. Shope's treatment notes in finding that they do not describe "significant abnormalities[.]"

Furthermore, as noted by the ALJ (AR 24), Dr. Shope's notes did not corroborate the portion of his opinion where he indicated that Plaintiff cannot keep her appointments due to her agoraphobia. *See* AR 319. Plaintiff contends that she should not be penalized for attending her appointments (Dkt. 11 at 6), but the ALJ did not do so: the ALJ reasonably noted that Dr. Shope's notes did not mention any missed appointments, and contrasted those notes with Dr. Shope's opinion indicating that she frequently missed appointments. Plaintiff emphasizes that the ALJ did not "cite to anything in the record to support his position" (Dkt. 11 at 6), but that lack of evidence is precisely the ALJ's point. Plaintiff has failed to show that the ALJ erred in finding Dr. Shope's opinion as to Plaintiff's absenteeism to be unsupported by the record.

The ALJ also reasonably found Dr. Shope's description of Plaintiff's inability to leave her home to be inconsistent with the evidence in the record showing that she did leave her home

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 6

to hike, shop, and attend appointments. At the hearing, Plaintiff indicated that she was able to hike with her family on familiar trails once a month, but needed to attend all of her medical appointments over the phone due to her fears of leaving her home. Dr. Shope's notes indicate that Plaintiff's therapy sessions occurred in the office, not on the phone, however.[4] *See* AR 272-82, 324-38. Plaintiff reported in her agency paperwork that she was able to shop in stores with her mom once a month. *See* AR 237. Furthermore, as the ALJ noted (AR 24-25), Plaintiff could attend consultative examinations, which she attended alone. The ALJ reasonably found Plaintiff's ability to leave her home for these activities to be inconsistent with Dr. Shope's opinion that Plaintiff's anxiety leads her to seclude herself at home and that she "cannot even leave her home without being accompanied by her cat(s)." *See* AR 317, 322.

Because the ALJ identified multiple ways in which Dr. Shope's opinion is either inconsistent with the record or unsupported, and those are valid reasons to discount a medical opinion, the Court finds no error in the ALJ's assessment of Dr. Shope's opinion. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (not improper to reject an opinion presenting inconsistencies between the opinion and the medical record); *Thomas*, 278 F.3d at 957 ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."); *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (affirming an ALJ's rejection of a treating physician's opinion that was inconsistent with the claimant's level of activity).

//

//

---

[4] After the COVID-19 pandemic began, Plaintiff began participating in therapy with Dr. Shope via phone. *See, e.g.*, AR 35. The ALJ specifically asked Plaintiff at the hearing whether she was participating in phone therapy before the pandemic and Plaintiff said that she had, but the record contradicts that assertion. *See* AR 63-64.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 7

3.     *Dr. Senske*

Dr. Senske performed a consultative examination of Plaintiff in March 2019 and completed a narrative report describing Plaintiff's symptoms and limitations. AR 306-09. Dr. Senske's functional assessment reads as follows:

> Claimant's ability to reason appears to be intact. Understanding and memory are somewhat impaired. Sustained concentration and persistence, social interaction, and overall ability to adapt are generally impaired due to posttraumatic stress disorder, depression, as well as having a limited work history. Claimant may benefit from treatment and intervention from the Department of Vocation and Rehabilitation Services to find appropriate work. It is highly unlikely she would be unstable [*sic*] to engage in full time work given her history and ongoing emotional symptoms.

AR 308.

The ALJ found Dr. Senske's conclusions to be inconsistent with his many normal examination findings, as well as inconsistent with her treatment record. AR 24. The ALJ also found that Dr. Senske's opinion that Plaintiff was unable to work touches on an issue reserved to the Commissioner. *Id*.

Plaintiff argues that Dr. Senske's examination findings were consistent with his conclusions, rather than inconsistent. Dkt. 11 at 10. Dr. Senske's examination findings do not suggest any problems with interpersonal interaction: Dr. Senske described Plaintiff as cooperative and conversational. *See* AR 307. Dr. Senske also found Plaintiff capable of following a three-step task and the course of conversation, which arguably undermines any suggestion that Plaintiff cannot sustain concentration or understand. *Compare* AR 307 *with* AR 308.

Moreover, the ALJ noted that Dr. Senske's conclusions were undermined by Plaintiff's treatment history, which as described *supra* focused on managing situational stressors, and Plaintiff's treatment of her symptoms without medication. *See, e.g.*, AR 325 (Plaintiff describes

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 8

her anxiety as manageable with CBD and stopping coffee use), 326 (Plaintiff reports anxiety decreased via YouTube audio and CBD).  Plaintiff disputes that she was ever recommended medications that she declined (Dkt. 11 at 11), but there is substantial evidence in the record to support the ALJ's finding.  *See* AR 279 (Plaintiff reports previous medications did not help), 324 (Dr. Shope recommended antidepressants), 335 (Plaintiff open to taking an antidepressant at a later time).  At the hearing, Plaintiff indicated she was using CBD to treat her mental symptoms, which does not undermine or contradict the ALJ's decision.[5]  AR 85.  Plaintiff has not shown that the ALJ erred in finding that Plaintiff's limited course of treatment undermined the disabling limitations described by Dr. Senske.  *See Flaten v. Sec. of Health & Human Servs.*, 44 F.3d 1453, 1464 (9th Cir. 1995) (holding that in assessing medical opinions an ALJ may properly consider the level or frequency of treatment for allegedly disabling conditions over the course of a claimant's history of medical care).

Because the ALJ provided multiple valid reasons to discount Dr. Senske's opinion, and properly noted that one part of his conclusions touched on an issue reserved to the Commissioner, the Court affirms this portion of the ALJ's decision.

**B.     The ALJ Did Not Harmfully Err in Discounting Plaintiff's Testimony**

The ALJ summarized Plaintiff's subjective allegations and explained that he discounted them because (1) the record contains no treatment notes for any of Plaintiff's physical complaints, (2) Plaintiff's mental health treatment records focus on situational stressors and do not consistently document severe symptoms, (3) Plaintiff did not take prescription medication for her mental health conditions and reported improvement with CBD and YouTube audio, and (4)

---

[5] Plaintiff also made another passing reference to being on "medication" at the hearing (AR 78), but, as the ALJ noted (AR 22), there is no objective medical evidence documenting prescriptions for any medication.  Plaintiff told consultative examiners that she took no prescription medications.  *See* AR 306, 312.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 9

Plaintiff's physical and mental activities were inconsistent with her alleged limitations. AR 20-23. An ALJ's reasons to discount a claimant's allegations must be clear and convincing, in the absence of evidence of malingering. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff does not challenge the ALJ's findings as to her physical allegations, but argues that the ALJ's reasons to discount her mental allegations are not clear and convincing. The unchallenged portion of the ALJ's findings support the ALJ's assessment of Plaintiff's allegations and could render any error in the other findings harmless. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 11162-63 (9th Cir. 2008). But in any event, the ALJ did provide valid reasons to discount Plaintiff's mental allegations as well. As explained *supra*, the ALJ reasonably found that Plaintiff's therapy treatment notes addressed primarily situational stressors and did not document the extreme symptoms and limitations that Dr. Shope referenced in his opinion. The inconsistency between Plaintiff's allegations and Dr. Shope's treatment notes is a valid reason to discount Plaintiff's allegations. *See Carmickle,* 533 F.3d at 1161.

As also addressed *supra*, the ALJ reasonably characterized Plaintiff's course of treatment as limited to counseling with no medications prescribed to treat her symptoms, and Plaintiff reported some relief via CBD and YouTube audio. Plaintiff's limited course of treatment undermines her allegations of disabling limitations, and the ALJ did not err in relying on this evidence as one reason to discount her allegations. *See* 20 C.F.R. § 416.929(c)(3) (indicating that the Commissioner may look to what type of treatment a claimant seeks to alleviate symptoms, when assessing a claimant's allegations).

Even if, as Plaintiff alleges, the ALJ erred in relying on her activities as a reason to discount her allegations, this error would be harmless in light of the multiple other valid reasons

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 10

provided to discount Plaintiff's allegations of disabling limitations. Accordingly, the Court affirms this portion of the ALJ's decision.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 27th day of September, 2021.

*[signature]*

S. KATE VAUGHAN
United States Magistrate Judge